IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAVID EUGENE FIELDS | § | |
| VS. | § | CIVIL ACTION NO. 6:22cv298 |
| FNU DR. WHITE | § | |

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRTE JUDGE

Plaintiff David Eugene Fields filed a *pro se* complaint under 28 U.S.C. § 1983 alleging violations of his constitutional rights in the Gregg County Jail. The lawsuit was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Before the Court is the motion by the Defendant, Dr. Gary White, seeking summary judgment due to Plaintiff's failure to exhaust administrative remedies. (Dkt. #15.) Plaintiff has not responded to the motion, and the time for him to do so has expired.[1] The motion is thus ripe for review. For the reasons explained below, the undersigned recommends that the motion be granted and that summary judgment be entered in favor of Defendant.

### I. Plaintiff's Allegations and Background

Plaintiff originally filed suit on August 3, 2023, while he was an inmate in the Gregg County Jail. (Dkt. #1.) At the Court's instruction, he filed an amended complaint on August 18,

---

[1] The Court observes that Plaintiff filed an undated notice of change of address shortly after the filing of the Defendant's motion. (Dkt. ##15, 16.) However, Defendant subsequently filed a notice of Plaintiff's failure to respond to the motion, which was mailed to Plaintiff's new address. (Dkt. #19.) Plaintiff did not respond to that notice to say that he had not received the motion or to seek any additional time to respond. Accordingly, Plaintiff is undoubtedly on notice about the motion and has chosen not to respond, regardless of whether he actually received it.

2023,[2] in which he alleged that Dr. White was denying him proper medical care for multiple hernias. (Dkt. #6.)

Dr. White answered the amended complaint on February 16, 2023, and moved for summary judgment on April 2, 2023. (Dkt. ##13, 15.) Plaintiff filed a notice of change of address to another correctional facility on April 12, 2023. (Dkt. #16.) He has taken no action in this case since that time.

## II. The Motion and Evidence

Defendant White moves for summary judgment on the basis that Plaintiff failed to exhaust administrative remedies for his claim prior to filing suit. (Dkt. #15.) He relies on the affidavit of Chief Deputy and Jail Administrator Jeff Callaway, who testifies that Gregg County maintains a 4-step grievance procedure requiring inmates first to submit a grievance either on a paper form or through an electronic kiosk. (Dkt. #15-1 at 2.) The grievance board provides an inmate with a written response within 15 days, and an inmate who disagrees with the response may appeal within 7 days to the facility lieutenant. (*Id.* at 2–3.) If he is dissatisfied with the lieutenant's response, he may appeal to the jail administrator, and from the administrator's response he may appeal to the Sheriff. (*Id.* at 3.) The Sheriff's response is the final ruling on an inmate grievance. (*Id.*)

These grievance procedures are explained in an Inmate Handbook, and Plaintiff was aware of the procedures and acknowledged receipt of the rules containing the procedures. (*Id.* at 3; Dkt. #15-3 at 1.) The Gregg County Inmate Handbook describing the grievance process is attached to Callaway's affidavit, as is an acknowledgment of receipt of the Gregg County jail rules, signed by Plaintiff on the date he was booked into the jail—November 30, 2021. (Dkt. #15-2 at 2; Dkt. #15-3 at 1.)

---

[2] This pleading was originally mis-docketed as an original complaint in a new action, but it was consolidated into this case on August 22, 2022. (Dkt. #5.)

Callaway also testifies that Plaintiff was booked into the Gregg County Jail on July 1, 2022. (Dkt. #15-1 at 2.) Although Plaintiff submitted several first-step grievances about healthcare issues in the following weeks, he did not complete the full appeal process for any of those grievances. (*Id.* at 3.) To support this testimony, Callaway attached to his affidavit copies of the grievances Plaintiff submitted during his incarceration. (Dkt. #15-2 at 3–14.) Submissions dated July 15, 2022, July 16, 2022, July 22, 2022, July 27, 2022, July 28, 2022, July 29, 2022, and August 3, 2022, all complain of the need for some medical treatment. (*Id.* at 3–12.) There is only one appeal among Plaintiff's grievances, and it is dated August 11, 2022 (eight days after Plaintiff's complaint was filed). (*Id.* at 13.) The appeal was denied as unfounded on August 29, 2022, and there is no record that Plaintiff appealed to the next level. (*Id.* at 13–14.)

Accordingly, Defendant asserts that he is entitled to summary judgment due to Plaintiff's failure to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a).

**III. Legal Standards**

A motion for summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). The Supreme Court has interpreted the plain language of Rule 56 as mandating "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

The party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*) (quoting *Celotex*, 477 U.S. at 323–25). A fact is material if it might affect the outcome of the suit under the governing law. *Merritt-Campbell, Inc. v. RxP Prods., Inc.*, 164 F.3d 957, 961 (5th Cir. 1999). Issues of material fact are "genuine" only if they require resolution by a trier of fact and if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Merritt-Campbell, Inc.*, 164 F.3d at 961. If the moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little*, 37 F.3d at 1075.

If the movant meets this burden, Rule 56 requires the opposing party to go beyond the pleadings and to show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. *EEOC v. Texas Instruments, Inc.*, 100 F.3d 1173, 1180 (5th Cir. 1996); *Wallace v. Texas Tech. Univ.*, 80 F.3d 1042, 1046–47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by argument, conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a mere scintilla of evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 585 (1986); *Wallace*, 80 F.3d at 1047; *Little*, 37 F.3d at 1075.

When ruling on a motion for summary judgment, the Court is required to view all justifiable inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970); *Merritt-Campbell, Inc.*, 164 F.3d at 961. However, the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v.*

*Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as modified*, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a reasonable jury to return a verdict in the opposing party's favor, there is no genuine issue for trial, and summary judgment must be granted. *Celotex*, 477 U.S. at 322–23; *Anderson*, 477 U.S. at 249–51; *Texas Instruments*, 100 F.3d at 1179.

**IV. Discussion and Analysis**

Congress enacted the PLRA in 1996, mandating that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). It is well-settled that inmates must exhaust any and all administrative remedies before proceeding in federal court. *See Gonzalez v. Seal*, 702 F.3d 785, 787 (5th Cir. 2012) (explaining that pre-filing exhaustion is both mandatory and non-discretionary). The purpose of the prison exhaustion requirement is to "provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit." *See Bisby v. Garza*, 342 F. App'x 969, 971 (5th Cir. 2009); *see also Patterson v. Stanley*, 547 F. App'x 510, 511 (5th Cir. 2013) (explaining that the primary purpose of a grievance is to give prison officials fair opportunity to address the problem that will later form the basis of the lawsuit); *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004) (interpreting the exhaustion requirement in light of its purposes, which "include the goal of giving officials time and opportunity to address complaints internally.") (internal quotations and citation omitted).

The exhaustion provision was unanimously upheld by the Supreme Court in *Booth v. Churner*, 532 U.S. 731 (2001). The Supreme Court subsequently held that exhaustion is mandatory and that the requirement will not be excused when an inmate fails to properly exhaust his administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Proper exhaustion means that an inmate must not only pursue all available avenues of relief but must also comply with all

administrative deadlines and procedural rules. *Id.* at 90–91. The Fifth Circuit recently reiterated the principle that "[p]re-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). The Supreme Court elaborated further about the exhaustion requirement in *Jones v. Bock*, 549 U.S. 199 (2007). The Court explained that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211. The Fifth Circuit has explained the procedures to be followed with regard to claims of failure to exhaust:

> As a final matter, we now provide a brief summary of how district courts should approach exhaustion questions under the PLRA. When the defendant raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed on the merits. If the plaintiff survives summary judgment on exhaustion, the judge may resolve disputed facts concerning exhaustion, holding an evidentiary hearing if necessary.

*Dillon v. Rogers*, 596 F.3d 260, 272–73 (5th Cir. 2010). A prisoner's failure to exhaust certain claims before filing suit in federal court is fatal to those unexhausted claims only. *See Jones*, 549 U.S. at 924 ("There is no reason failure to exhaust on one [claim] necessarily affects any other.").

The evidence submitted by Defendant White clearly establishes that Plaintiff failed to comply with that requirement. Plaintiff submitted relevant initial grievances that he failed to appeal through the higher channels available. And the only appeal he did submit was dated after he filed suit and could not, therefore, satisfy the pre-filing exhaustion requirement.

The record establishes that Plaintiff knew of the applicable grievance rules and yet failed to exhaust his available remedies before filing suit. Accordingly, Section 1997e requires dismissal of this action, and Defendant White is entitled to summary judgment.

RECOMMENDATION

Accordingly, the undersigned recommends that Defendant's motion for summary judgment (Dkt. #15) be **GRANTED.** Plaintiff's claims should be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 8th day of January, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE